UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BEATRIZ ADRIANA RAMIREZ,<br><br>Petitioner,<br><br>v.<br><br>MARKWAYNE MULLIN, Secretary, U.S. Department of Homeland Security, et al.,[1]<br><br>Respondents. | Case No.: 3:26-cv-01880-RBM-VET<br><br>**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS**<br><br>**[Doc. 1]** |

Pending before the Court is Petitioner Beatriz Adriana Ramirez's ("Petitioner") Verified Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241 ("Petition") challenging the lawfulness of her detention by United States Immigration and Customs Enforcement ("ICE"). (Doc. 1.) For the reasons below, the Court **GRANTS** the Petition.

## I.   **BACKGROUND**

Petitioner is a citizen of Mexico who entered the United States over 20 years ago without being admitted or paroled. (*Id.* ¶ 32.) She has lived in this country continuously since then, "establish[ing] deep roots through family life, long-term residence, community involvement, and church participation." (*Id.* ¶ 34.) Before her arrest, Petitioner lived with her sister in Vista, California, and was her sister's primary caregiver. (*Id.* ¶¶ 3, 4, 35.)

---

[1]   Markwayne Mullin is automatically substituted pursuant to Federal Rule of Civil Procedure 25(d).

On March 5, 2026, ICE arrested Petitioner, took her to Otay Mesa Detention Center, and placed her in removal proceedings.  (*Id.* ¶ 33.)  On March 13, 2026, Petitioner appeared before an immigration judge for a bond hearing, but the immigration judge stated that she did not have jurisdiction to have the bond hearing.  (*Id.* ¶ 36.)

On March 24, 2026, Petitioner filed her Petition.  (Doc. 1.)  The next day, the Court set a briefing schedule.  (Doc. 2.)  On April 1, 2026, Respondents filed their Response to Petition ("Response").  (Doc. 4.)  Petitioner was authorized to file a reply on or before April 8, 2026, but did not file one.

## II.    LEGAL STANDARD

A writ of habeas corpus is "available to every individual detained within the United States." *Hamdi v. Rumsfeld*, 542 U.S. 507, 525 (2004) (citing U.S. Const., Art. I, § 9, cl. 2).  "The essence of habeas corpus is an attack by a person in custody upon the legality of that custody, and . . . the traditional function of the writ is to secure release from illegal custody." *Preiser v. Rodriguez*, 411 U.S. 475, 484 (1973).  "Writs of habeas corpus may be granted by the Supreme Court, any justice thereof, the district courts and any circuit judge within their respective jurisdictions." 28 U.S.C. § 2241(a).  The petitioner bears the burden of demonstrating that "[h]e is in custody in violation of the Constitution or laws or treaties of the United States." *Id.* § 2241(c)(3).

## III.    DISCUSSION

Petitioner argues that her detention violates 8 U.S.C. § 1226(a), the Administrative Procedure Act, the Fifth Amendment's Due Process Clause, and Executive Office of Immigration Review detention and bond regulations.  (Doc. 1 ¶¶ 80–148.)  Petitioner seeks immediate release or a prompt bond hearing.  (*Id.*, Prayer for Relief.)  Respondents do not substantively respond to Petitioner's arguments, indicating only that they "acknowledge the prior orders from this District" and "do not oppose an order from this Court directing a bond hearing be held pursuant to 8 U.S.C. § 1226(a)."  (Doc. 4 at 1–2.)

The Court has granted petitions filed by similarly-situated petitioners.  *See, e.g.*, *Silvestre-Mendoza v. Noem*, Case No.: 3:25-cv-03206-RBM-DDL, 2025 WL 3512410, at

3:26-cv-01880-RBM-VET

*1–2 (S.D. Cal. Dec. 8, 2025).   In that decision, the Court found that "'a proper understanding of the relevant statutes, in light of their plain text, overall structure, and . . . case law interpreting them, compels the conclusion that § 1225's provisions for mandatory detention of noncitizens seeking admission [do] not apply to someone like [the petitioner],' who has been residing in the United States" for several years.   *Id.* at *1 (quoting *Lopez Benitez v. Francis*, 795 F. Supp. 3d 475, 484 (S.D.N.Y. 2025)).   The Court incorporates its reasoning in *Silvestre-Mendoza*, and makes the same findings, here.

There is no dispute that Petitioner was detained on March 5, 2026, after having resided in the United States for over 20 years.   (Doc. 1 ¶¶ 32–33.)   Therefore, the discretionary detention procedures of § 1226 govern Petitioner's detention, and the Petition must be granted.   The Court also finds that immediate release, rather than a bond hearing, is the appropriate remedy.   *See E.A. T.-B. v. Wamsley*, 795 F. Supp. 3d 1316, 1324 (W.D. Wash. 2025) ("Although the Government notes that Petitioner may request a bond hearing while detained, such a post-deprivation hearing cannot serve as an adequate procedural safeguard because it is after the fact and cannot prevent an erroneous deprivation of liberty."); *Jorge M.F. v. Jennings*, 534 F. Supp. 3d 1050, 1055 (N.D. Cal. 2021) ("if Petitioner is detained, he will already have suffered the injury he is now seeking to avoid"); *Domingo v. Kaiser*, Case No. 25-cv-05893 (RFL), 2025 WL 1940179, at *3 (N.D. Cal. July 14, 2025) ("Even if Petitioner[] received a prompt post-detention bond hearing under 8 U.S.C. § 1226(a) and was released at that point, he will have already suffered the harm that is the subject of his motion; that is, his potentially erroneous detention.").

## IV.    CONCLUSION[2]

For the foregoing reasons, the Petition is **GRANTED**.   Accordingly:

1. Respondents are **ORDERED** to immediately release Petitioner from custody.

---

[2]  In light of the disposition herein, the Court declines to address the Petition's remaining grounds for relief.

3

3:26-cv-01880-RBM-VET

2. The Court **ORDERS**, prior to any re-detention of Petitioner, that Petitioner shall receive a hearing before an immigration judge pursuant to 8 U.S.C. § 1226(a) to determine whether detention is warranted.  Respondents shall bear the burden of establishing, by clear and convincing evidence,[3] that Petitioner poses a danger to the community or a risk of flight.[4]

**IT IS SO ORDERED.**

DATE:  April 9, 2026

HON. RUTH BERMUDEZ MONTENEGRO
UNITED STATES DISTRICT JUDGE

---

[3] *See Sadeqi v. LaRose*, 809 F. Supp. 3d 1090, 1095 (S.D. Cal. 2025) ("Petitioner is entitled to a prompt and individualized bond hearing, at which Respondents must justify her continued detention by a showing of clear and convincing evidence that Petitioner would likely flee or pose a danger to the community if released.") (citing *Singh v. Holder*, 638 F.3d 1196, 1203 (9th Cir. 2011), *abrogated on other grounds by Jennings v. Rodriguez*, 583 U.S. 281 (2018) (explaining that "the substantial liberty interest at stake" warranted placing the burden on the government to "prove by clear and convincing evidence that [a noncitizen] is a flight risk or a danger to the community to justify denial of bond").

[4] This relief has been granted in similar matters.  *See E.A. T.-B*, 795 F. Supp. 3d at 1324; *Duong v. Kaiser*, 800 F. Supp. 3d 1030, 1043–44 (N.D. Cal. 2025); *Lepe v. Andrews*, 801 F. Supp. 3d 1104, 1119–20 (E.D. Cal. 2025).

3:26-cv-01880-RBM-VET